UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No. 1:97-CR-76

        HON. ROBERT HOLMES BELL

JUWELL DARNELL CASTLEBERRY,

        Defendant.
_____/

**O P I N I O N**

This matter comes before the Court on Defendant Juwell Darnell Castleberry's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on June 12, 2000.

**I.**

On December 4, 1997, Defendant and five co-conspirators were named in a three-count third superseding indictment. Count One charged the six defendants with conspiring between January 1996 and August 26, 1997 to unlawfully distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). On July 16, 1999, the government filed an Information and Notice of Prior Offense, in accordance with 21 U.S.C. § 851, placing Defendant on notice that the government sought enhanced penalties on the charged offense under 21 U.S.C. § 841(b)(1)(A), on the basis of Defendant's 1993 conviction for a prior felony involving

controlled substances. In that notice, the government listed the prior felony as an August 2, 1993 conviction for possession with intent to deliver less than 50 grams of cocaine, imposed by the 17th Circuit Court for Kent County, Michigan.

On October 12, 1999, represented by his third appointed attorney, Lawrence Phelan, and pursuant to a written plea agreement, Defendant entered a plea of guilty in this Court to Count One of the third superseding indictment. In the plea agreement, Defendant agreed to fully cooperate with the government in all respects, including testifying before the grand jury and at trials of his co-conspirators. The government, for its part, agreed not to pursue additional charges against Defendant, not to use information provided by his proffer against him, and to make a good-faith evaluation of Defendant's cooperation for purposes of making a recommendation to reduce Defendant's sentence. At the change-of-plea hearing, Defendant was advised of the penalties of the offense to which he pleaded based on the enhanced level associated with a finding of a prior offense involving controlled substance under 21 U.S.C. § 841(b)(1)(A), specifically, a minimum of 20 years imprisonment and a maximum of life.

Shortly after the plea hearing, on October 15, 1999, Defendant requested new counsel and expressed his displeasure with having pleaded guilty. Defense counsel Phelan moved to withdraw on November 8, 1999. The motion to withdraw was granted and new counsel, Larry Willey, was appointed on that day. One month later, on December 8, 1999, attorney Willey moved to withdraw as counsel. Defendant filed a *pro se* motion to withdraw his guilty plea on December 13, 1999. On January 10, 2000, Federal Public Defender

Christopher Yates was appointed to represent Defendant. On January 31, 2000, counsel filed a new motion to withdraw the guilty plea. In a lengthy opinion and order issued March 10, 2000, the Court denied Defendant's motion to withdraw the plea. On June 12, 2000, Defendant was sentenced to 360 months in prison, a $6,000.00 fine and a $100.00 special assessment.

Defendant appealed his sentence, raising numerous grounds: (1) the third superceding indictment, which failed to allege as an element of the offense the amount of drugs involved in the conspiracy, violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) the district court erred in denying Defendant's request to withdraw his plea of guilty; (3) the court erred in imposing a $6,000.00 fine; (4) the use of Defendant's prior conviction to enhance his conviction was improper under *Apprendi*; (5) the district court erred in determining that Defendant was responsible for a course of conduct involving distribution of at least 1.5 kilograms of crack cocaine; and (6) section 541 of Title 21 United States Code is unconstitutional under *Apprendi*. In an unpublished decision issued April 25, 2003, the Sixth Circuit rejected all claims and affirmed Defendant's conviction and sentence. *See United States v. Price*, Nos. 00-1569, 00-1709, 2003 WL 1984699 (6th Cir. April 25, 2003).

Defendant filed the instant motion under § 2255 on April 15, 2004, raising two grounds for relief: (1) that his guilty plea was entered involuntarily and without understanding of the consequences of the plea due to the ineffective assistance of counsel; and (2) that appellate counsel was constitutionally ineffective for failing to raise certain

3

sentencing issues on appeal and for failing to raise the district court's alleged noncompliance with Rule 11 during the guilty plea colloquy. The United States filed a response on May 19, 2004 and Defendant filed a reply brief on June 14, 2004. On July 8, 2004, Defendant filed a motion for leave to amend his motion to assert a new claim: that he was sentenced in violation of the rule established by the Supreme Court on June 24, 2004, in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The motion was referred to the magistrate judge who, on August 4, 2004, recommended denying the motion on the grounds that amendment would be futile because *Blakely* did not apply retroactively to cases that were final at the time it was decided (Docket #481). The district court adopted the report and recommendation and denied the motion to amend on September 27, 2004 (Docket ## 491, 492).

Defendant's motion to vacate sentence now is before the Court for review.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where

4

a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A claim of ineffective assistance of counsel may serve as cause excusing a procedural default. *See Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). The procedural default rule does not apply to claims of ineffective assistance of counsel because such claims generally are not reviewable on direct appeal, as the record may be inadequate to permit review. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995) (quoted in *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Defendant is not entitled to relief on his motion.

A.   Guilty Plea

Defendant contends that, due to the ineffective assistance of counsel, his guilty plea was not made voluntarily or with understanding of the consequences. To make out a claim of ineffective assistance of counsel sufficient to overcome Defendant's procedural default of his challenge to the guilty plea, Defendant must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687-88; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Strickland*, 466 U.S. at 689. In a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

Defendant asserts that appointed counsel at the time of the plea failed adequately to investigate his prior criminal history and determine that his earlier controlled-substance

conviction was for attempted possession with intent to deliver less than 50 grams of cocaine, not for possession, as alleged in the government's Information and Notice of Prior Offense filed on July 16, 1999 pursuant to 18 U.S.C. § 851.[1]  He contends that his 1993 conviction could not be used to enhance his sentence under 21 U.S.C. § 841(b)(1)(A).[2]  Defendant argues that, because counsel failed adequately to investigate, the guilty plea was based on

---

[1] The confusion regarding the nature of the 1993 conviction arises from the August 2, 1993 judgment of sentence entered by the 17th Judicial Circuit Court, which listed the offense of conviction as "Pos w/I Del Coc L/50" in violation of MICH. COMP. LAWS § 333.74012A4. (Pl. Resp., Ex. 1.)  The docketed order reflecting the plea, dated June 16, 1993, however, stated that Defendant had pleaded guilty to attempted possession with intent to deliver cocaine and that the second count, alleging possession with intent to deliver was dismissed. (Def. Mem. of Law, Ex. C.)  Long after sentencing in the instant case, on March 31, 2004, the 17th Circuit Court entered an amended judgment of sentence for the 1993 conviction, showing that the conviction was for attempted possession with intent to deliver less than 50 grams of cocaine.  (Pl. Resp., Ex. 2.)

[2] Section 841(b)(1)(A) provides in relevant part as follows:

[A]ny person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving --

. . .

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;

. . .

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . .  If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .

*Id.*

false information and therefore was neither knowingly nor voluntarily made. He further contends that, had counsel properly investigated the earlier conviction before Defendant decided to enter a guilty plea, Defendant would not have pleaded guilty.

Defendant's argument is meritless for numerous reasons. First, the representations he makes in the instant motion are wholly at odds with the arguments he raised in moving to withdraw his guilty plea in January 2000. In that motion, Defendant argued two bases warranting withdrawal of the plea: (1) that at the time he entered into the plea he had no intention of providing cooperation, rendering the benefits of the agreement illusory; and (2) he had consistently maintained his innocence with respect to the charge of conspiring to possess with intent to distribute crack cocaine, as opposed to powder cocaine and marijuana. Despite having had two new attorneys appointed since entering his plea, and despite raising grounds for withdrawal of the plea, Defendant at no time suggested that his plea was not voluntary or knowing because counsel failed to investigate the true nature of his state-court conviction. His claim, therefore, is patently incredible in light of the history of this case.

In addition, Defendant fails to allege or demonstrate that counsel's purported failure to investigate resulted in either an uninformed or a coerced plea. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he is aware of the

maximum and minimum (if any) that may be imposed.  *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir. 1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

In the instant case, Defendant was abundantly aware of both the nature of the charge and the direct consequences of the plea.  In its Information and Notice of Prior Offense, the government notified Defendant and the Court of the existence of a 1993 state-court controlled substance offense that it contended warranted a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A).  The government requested that, if Defendant was found guilty of Count 1 of the indictment, he be sentenced in accordance with the enhanced provisions of 21 U.S.C. § 841(b)(1)(A), which provided a term of imprisonment of 20 years to life.  At the time he entered his plea, Defendant unquestionably was aware of the true nature of his underlying conviction.  Indeed, in his memorandum of law supporting his motion to vacate, Defendant expressly claims to have advised counsel of the fact that the possession count had been dismissed and that Defendant had only pleaded guilty to attempted.  (Def. Br. at 2.)

Moreover, the transcript of the plea proceeding reflects that counsel preserved Defendant's challenge to his 1993 drug conviction.  (Plea Tr. at 25.)  The plea agreement itself advised Defendant of the minimum and maximum sentences for his offense, assuming the earlier conviction would count under 21 U.S.C. § 841(b)(1)(A), but the plea proceeding expressly reserved Defendant's right to contest the propriety of considering the 1993 conviction as a basis for the enhanced sentence under § 841(b)(1)(A).  In fact, the Court clearly advised Defendant of his rights in this regard:

>THE COURT: Mr. Phelan is absolutely correct, Mr. Castleberry. If the presentence report includes this prior conviction as part of your criminal history category, it can affect your sentence in several different ways. It can affect the presence of mandatory minimum and also affect where you fall in a chart that we use that determines what guideline range applies. You and your attorney will have the right to challenge the recommendation in the presentence report as to whether that prior conviction should be used and, if so, how it's used in connection with your sentencing. Do you understand that?
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: So you need to provide Mr. Phelan any additional information that he might need in order to pursue that issue.

(Plea Tr. at 25-26.)

In sum, Defendant was fully informed as to the nature of his prior offense, was on notice that the government claimed that the offense was a proper basis for enhancement, and was aware that Defendant retained the ability to contest the use of the 1993 conviction either to increase the statutory minimum sentence or to enhance Defendant's penalties under the sentencing guidelines. Defendant's claim that further investigation of the precise nature of the 1993 conviction affected his decision to plead guilty, therefore, is without support on the record.

In addition, as the Court previously has noted, the state-court judgment of conviction in existence at the time of the plea and sentencing hearings expressly stated that the conviction was for possession with intent to distribute, not attempted possession. Both reasonable counsel and the Court were entitled to rely on the judgment of sentence actually entered by the court rather than upon Defendant's representations. Counsel may not be

11

considered to have rendered constitutionally ineffective assistance for failing to find an amended judgment that did not exist at the time.

Finally, not only has Defendant failed to demonstrate that counsel performed below an objective standard of reasonableness, Defendant cannot demonstrate actual prejudice. To show prejudice, Defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687; *see also, e.g.*, *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999); *Chandler v. Jones*, 813 F.2d 773, 781 (6th Cir. 1987).

Defendant's claim that his state-court conviction did not constitute a predicate offense for purposes of the career sentencing provision of 21 U.S.C. § 841(b)(1(A) and U.S.S.G. § 4B1.1 was both preserved and extensively discussed at sentencing. Sentencing counsel strenuously argued several reasons that Defendant's offense of attempted possession should not properly be considered a predicate offense under either the statute or the guidelines warranting an enhanced sentence as a career offender. Counsel first argued that, under Michigan law, attempted possession with intent to distribute cocaine was not a recognized offense and the 1993 conviction therefore was invalid. The Court rejected the argument because it amounted to an impermissible collateral attack on the state-court conviction. The Court's conclusion unquestionably is correct under *United States v. Bonds*, 48 F.3d 184 (6th Cir. 1995). In *Bonds*, the Sixth Circuit rejected a collateral challenge to the constitutionality of the state-court conviction, relying on *Custis v. United States*, 511 U.S. 485 (1994) (holding

that, unless there has been a prior ruling that a conviction is constitutionally invalid, or unless the conviction was obtained when counsel was not available or provided in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), a collateral attack on a conviction is not allowed at sentencing).  In the instant case, at the time of both his plea and his sentence, Defendant's judgment of conviction declared him guilty of possession with intent to deliver cocaine.  Defendant was not free to challenge that conviction in his federal proceeding.  Moreover, assuming he was convicted only of attempted possession, Defendant was not free to argue that the crime did not exist under Michigan law.  *See Wayne County Prosecutor v. Detroit Recorder's Court Judge*, 442 N.W.2d 771, 773 (Mich. Ct. App. 1989) (holding that attempted delivery of cocaine was not a valid offense under Michigan law, as attempts were included under the statute prohibiting delivery).

Defendant's sentencing counsel next argued that a conviction for attempted possession with intent to deliver was not a "controlled substance offense" under 21 U.S.C. § 841(b)(1)(A) or U.S.S.G. § 4B1.1.[3]  The court properly declined to accept Defendant's argument.  As

---

[3]Section 4B1.1 of the United States Sentencing Guidelines provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.  If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply.  A career offender's criminal history category in every case shall be Category VI.

*Id.*

13

sentencing counsel recognized, the claim that an attempted possession with intent to deliver was not a "controlled substance offense" under U.S.S.G. § 4B1.1 was thoroughly discussed and rejected by the Eleventh Circuit in *United States v. Smith* 54 F.3d 690, 692-93 (11th Cir. 1995). The reasoning of the Eleventh Circuit has been accepted in two unpublished Sixth Circuit cases. *See United States v. Larry*, No. 96-2438, 1997 WL 810004, at *2 (6th Cir. Dec. 30, 1997) (citing *Smith*, 54 F.3d at 693); *United States v. Chappell*, No. 95-1418, 1996 WL 143458, *1 (6th Cir. March 28, 1996) (same). Section 4B1.2 of the Sentencing Guidelines defines the term "controlled substances offense" to mean "an offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2. The application notes to the commentary to the section state that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, comment. (n.1). *See Smith*, 54 F.3d at 692. As the Supreme Court has noted, "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. *United States v. Stinson*, 508 U.S. 36, 37-38 (1993).

Similarly, 21 U.S.C. § 841(b)(1)(A) provides, in relevant part:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . .

14

*Id.* Defendant in no way explains how the 1993 offense of attempt to possess with intent to deliver cocaine, to which he pleaded guilty, was outside the plain meaning of the statutory language. The offense was a felony, and Defendant was sentenced to two to five years of imprisonment upon conviction. Further, the offense clearly was a drug offense.[4]

In sum, Defendant's counsel at the plea fully preserved Defendant's argument that his prior conviction was not a proper basis for sentence enhancement under the statute and the guidelines. That argument was fully addressed at the sentencing hearing and rejected by the Court for reasons that remain persuasive. As a result, defense counsel's failure to prove at the plea hearing that Defendant's state conviction was an attempted possession conviction had no impact on the outcome of the sentencing hearing.

Defendant therefore fails to demonstrate either that counsel's performance was ineffective or that counsel's performance in any way prejudiced Defendant. He further fails to demonstrate any basis for concluding that he lacked information or that his plea was not knowing or voluntary. For all the stated reasons, Defendant's claim that counsel was ineffective will be denied.

---

[4] Enhancement of the statutory minimum under 21 U.S.C. § 841(b)(1)(A) was, in any event, rendered irrelevant to Defendant's sentence in the instant case by the Court's finding that Defendant was a career criminal under U.S.S.G. § 4B1.1. Because the career criminal finding raised Defendant's criminal history category to level VI from level IV, the minimum sentence faced by Defendant under the Sentencing Guidelines was 30 years.

  B. <u>Ineffective Assistance of Appellate Counsel</u>

In his second ground for relief, Defendant contends that appellate counsel was ineffective for failing to raise three meritorious issues on appeal. Defendant first argues that appellate counsel should have argued on appeal that the trial court abused its discretion in imposing an enhanced penalty for a false prior conviction, that of possession with intent to deliver cocaine rather than attempted possession with intent to deliver. Second, he argues that the government's information under 21 U.S.C. § 851 was defective because it improperly identified the nature of the state conviction and therefore could not serve as notice warranting enhancement of the sentence. Finally, Defendant argues that the Court violated FED. R. CRIM. P. 11 by improperly advising Defendant of his minimum sentence under the assumption that the enhanced statutory minimum sentence applied.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on

appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2002). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289.

In the instant case, appellate counsel filed an extensive brief, raising six well reasoned issues. Defendant fails to demonstrate that the claims raised by counsel were significantly weaker than those Defendant argues should have been raised.

Defendant's first and third claims of attorney error on appeal essentially reiterate his arguments challenging the use of his 1993 state court conviction to enhance his sentence. This Court previously has exhaustively discussed those arguments and rejected them. Because the arguments therefore are without merit, counsel's decision not to raise them on appeal was patently reasonable.

Defendant next argues that the government's notice under 21 U.S.C. § 851(a)(1) was defective, in that it inaccurately gave notice of the true charge on which he was convicted. He therefore argues that appellate counsel should have raised a claim that the district court improperly enhanced his sentence based on erroneous information.

Defendant's argument depends on a conclusion that the notice requirements of § 851 are to be strictly and formally interpreted and that any error in the notice is sufficient to make notice ineffective. The courts routinely have rejected this argument, declining to interpret § 851 in a fashion that elevates form over substance. *See United States v. King*, 127 F.3d 483, 487 (6th Cir. 1997); *see also United States v. Hamilton*, 208 F.3d 1165 (9th Cir. 2000)

17

(citing *King* and holding that error in year of conviction referenced in § 851 notice did not prevent notice from satisfying due process); *United States v. Steen*, 55 F.3d 1022 (5th Cir. 1995) (upholding enhancement even though the notice erroneously described the defendant's prior conviction as being for distribution rather than possession); *United States v. Gonzalez-Lerma*, 14 F3d 1479 (10th Cir. 1994) (information provided defendant with reasonable notice of government's intent to rely on particular conviction for sentence enhancement purposes where information stated offense, location, and date, despite defendant's objection that information did not contain correct date, did not specify place of conviction other than state, and did not provide case number). Even if the proper 1993 conviction was attempted possession with intent to deliver, the notice given under § 851 was sufficient.

Further, Defendant was not free to challenge the validity of his state-court conviction on the grounds that his true plea was to an attempted possession. Section 851(e) specifically provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

21 U.S.C. § 851(e). The information and notice in the instant case was filed on July 16, 1999, and his state court conviction was entered on August 2, 1993, nearly six years before. As a result, the noticed conviction for possession with intent to deliver cocaine was not subject to challenge by counsel at sentencing or on appeal. For both reasons, therefore,

18

counsel's decision not to raise a challenge to the notice under § 851 was entirely reasonable. Defendant therefore has failed entirely to demonstrate that appellate counsel was ineffective.

**IV.**

The files and records in this case conclusively show that the Defendant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. An order consistent with this opinion will be entered.


Date:   September 12, 2005            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE